UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YVETTE GRIFFIN,

        Plaintiff,        Case No. 13-11089
                                            HON. GERSHWIN A. DRAIN

vs.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant,

_____/

**<u>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION (#19), OVERRULING PLAINTIFF'S OBJECTION (#20), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#18), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#13), AND DISMISSING PLAINTIFF'S CLAIMS</u>**

**I.    INTRODUCTION**

Plaintiff Yvette Griffin brings this action under 42 U.S.C. § 405(g), seeking judicial review of Defendant Commissioner of Social Security's denial of her application for Social Security disability benefits. Before the Court are the parties' Cross-Motions for Summary Judgment as to Defendant's final administrative decision. This matter was referred to Magistrate Judge R. Steven Whalen, who issued a Report and Recommendation ("R & R") on March 31, 2014, recommending that Plaintiff's Motion for Summary Judgment be denied, Defendant's Motion for Summary Judgment be granted, and Plaintiff's Complaint be dismissed. Plaintiff filed a timely Objection to the R & R on April 4, 2014.

The Plaintiff objects to the Magistrate Judge's finding that there was substantial evidence in the record to support the Administrative Law Judge's ("ALJ") denial of supplemental security

income benefits. (Pl. Mot. Summ. J. ¶ 1, 7.). For the reasons outlined below, the Court accepts and adopts the Magistrate Judge's recommendation and concludes that the findings of the Commissioner are supported by substantial evidence, warranting entry of judgment in favor of the Commissioner.

## II.     FACTUAL BACKGROUND

The R & R contains a detailed explanation of the factual background of this case, and the Court adopts the factual background as set out in the R & R in full. To this, the Court highlights several relevant factual matters.

Plaintiff, 45 at the time of the ALJ's decision, alleged disability as the result of various physical and psychological afflictions. (Tr. 176). Plaintiff's treating physician diagnosed her with Chronic Obstructive Pulmonary Disease ("COPD") with emphysema and bullous lung disease. (Tr. 449). She was separately treated for lower back pain and scoliosis. (Tr. 369). Treating records from 2008 indicate that Plaintiff "ambulate[d] without difficulty" and did not demonstrate problems with sitting or standing. (Tr. 383).

The ALJ found that Plaintiff suffered from the following severe impairments: "low back pain and chronic obstructive pulmonary disease (COPD) with bullous emphysema and asthma." (Tr. 11). However, the ALJ found that Plaintiff had the residual functional capacity to:

> sit 6 of 8 hours of an 8-hour workday; stand or walk 2 of 8 hours of an 8-hour workday; lift as much as 10 pounds occasionally and lesser weights somewhat more frequently; and stoop, squat, kneel, crouch, bend, or twist only on an occasional or random basis.

(Tr. 13). Additionally, the ALJ found that Plaintiff's impairments limited her to vocational environs that were not "more than minimally laden with atmospheric irritants," contraindicating those "with moderate to heavy concentrations of smoke, dust, fumes, noxious odors, etc." *Id*.

### III. LAW AND ANALYSIS

#### A. Standard of Review

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id*. The Court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1986). Substantial evidence is less than a preponderance but more than a scintilla; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

In determining whether evidence is substantial, the Court must "take into account whatever in the record fairly detracts from its weight." *Wages v. Sec'y of Health and Human Servs.*, 755 F.2d 495, 497 (6th Cir. 1985). To make this determination, the Court must examine the administrative record as a whole, looking to any evidence in the record regardless of whether it has been cited by the ALJ. *Walker v. Sec'y of Health and Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989). Remand is appropriate if the Commissioner applied an erroneous principle of

law, failed to consider certain evidence, failed to consider the combined effect of impairments, or failed to make a credibility finding. *Faucher v. Sec'y of H.H.S.*, 17 F.3d 171, 176 (6th Cir. 1994).

### B. Governing Law

Disability is defined in the Social Security Act as the:

> Inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A). In determining whether a claimant is disabled the Commissioner applies a sequential analysis, inquiring whether the claimant 1) worked during the alleged period of disability; 2) has a severe impairment; 3) has an impairment that meets or equals the requirements of an impairment listed in the regulations; 4) can return to past relevant work; 5) if not, whether he or she has the residual functional capacity to perform other work in the national economy. 20 C.F.R. § 416.920(a).

At issue in Plaintiff's Objection is whether or not there was substantial evidence in the record for the ALJ to find that, given her severe impairments and inability to return to past work, Plaintiff retained the residual functional capacity to perform other work in the national economy. The Plaintiff bears the burden of proof at steps one through four, and the burden shifts to the Commissioner at step five to show that, "notwithstanding the claimant's impairment, [s]he retains the residual functional capacity to perform specific jobs existing in the national economy." *Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984).

### C. Analysis

The ALJ found that Plaintiff was not disabled because she retains the residual functional capacity to perform other sedentary work in the national economy. (Tr. 13-5). Plaintiff's sole objection is that the ALJ erred by failing to consider a questionnaire submitted by her lung

specialist, Dr. Scott Simecek, D.O., which promulgated a set of limited conditions under which Plaintiff could return to work, given her treatment for COPD with emphysema and asthma. The document at issue is dated June 16, 2011. (Obj. Ex. 1). Plaintiff argues that, if properly considered, the record would not provide substantial evidence to support the ALJ's findings vis-à-vis Plaintiff's residual functional capacity to perform other work in the national economy.

The Plaintiff's argument must fail. First, while an opinion of disability or limitation by a claimant's treating physician is generally treated with controlling weight (*see Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009)), the opinion at issue *must be contained in the record at the time of the administrative hearing*. *Id*. Here, although the document is dated four months prior to Plaintiff's administrative hearing, the transcript before the ALJ contained no record of the questionnaire. Dr. Simecek's opinion of limitation was not before the ALJ at the time of Plaintiff's hearing.

On one occasion, a court has found that a claimant's inability to produce all of her medical records for review by an ALJ justified remand for further fact-finding. *Sara Barton v. CCS*, Case no. 10-15006, *Docket #13* (E.D. Michigan Jan. 24, 2012). The claimant in *Barton*, however, was *unrepresented by counsel* during the administrative process. *Id*. Plaintiff, by contrast, was represented at the administrative hearing. Moreover, Plaintiff's counsel explicitly denied any objections to the record or its completeness during Plaintiff's hearing. (Tr. 23). The ALJ is not required to "ferret out" additional records that the claimant neglected to procure. *Nabours v. Comm'r of Soc. Sec.*, 50 Fed.Appx. 272, 275, 2002 WL 31473794, *2 (6th Cir. November 4, 2002); *see also Boyes v. Sec'y of Health and Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *Halsey v. Richardson*, 441 F.2d 1230 (6th Cir. 1971) (iterating that "[c]laimant bears the burden of proving his entitlement to benefits"); 20 C.F.R. § 404.1512(a). Thus, the ALJ

did not err by failing to consider the opinion of limitations put forth by Plaintiff's treating physician, Dr. Simecek, in the document dated June 16, 2011.

Even assuming, *arguendo*, the June 16, 2011 questionnaire was before the ALJ, Dr. Simecek's opinion of limitation does not provide grounds for remand or reversal. In the document at issue, Dr. Simecek was asked if Plaintiff would be unable to ever return to work again. (Obj. Ex. 1). Dr. Simecek explicitly did not answer in the affirmative; instead, he set forth two recommended limitations under which Plaintiff *could* return to work again: (1) "limit[ations] based on inhaled triggers;" (2) "6-minutes walk[ing]." *Id*. These limitations are not inconsistent with the ALJ's findings as to Plaintiff's residual functional capacity. On the contrary, they are *consistent* with the ALJ's findings that Plaintiff has the residual capacity to sit 6 of 8 hours of an 8-hour workday, and to avoid vocational environs with moderate to heavy concentrations of inhaled triggers.[1] Thus, even assuming the document at issue were in the record before the ALJ, Dr. Simecek's opinion of limitation would not provide grounds for remand or reveral on the basis that the ALJ's findings were not supported by substantial evidence.

Lastly, Dr. Simecek's opinion of limitation cannot be the basis for remand as evidence submitted subsequent to the administrative hearing. To establish grounds for remand based on such material, the claimant must show that the "new evidence is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Plaintiff's failure to show good cause for tardy submission is dispositive. Good

---

[1] Dr. Simecek's 6-minute walking limitation, even if strictly applied, can be reconciled within the framework of the ALJ's finding that Plaintiff has the residual functional capacity to walk 2 of 8 hours in an 8-hour workday. Plaintiff would be asked to walk for 6 minutes in 18-minute resting intervals, sitting for 18 minutes and walking for 6. After 20 cycles, Plaintiff would have walked for 2 hours and sat for 6 hours of an 8 hour workday. Thus, the ALJ's findings of residual functional capacity are, in every way, compatible with Dr. Simecek's opinion of limitations.

- 6 -

cause "contemplates more than strategic delay, or sandbagging, of evidence and more than simple miscalculation of the necessity of producing such evidence in the first instance to establish a claim of disability." *Haney v. Astrue*, No. 5:07cv188-J, 2009 WL 700057, *6 (W.D.Ky. Mar. 13, 2009) (citing *Thomas v. Sec'y*, 928 F.2d 255, 260 (8th Cir. 1991)); *see also Ledford v. Astrue*, 311 Fed.Appx. 746, 757, 2008 WL 5351015, *10 (6th Cir. Dec. 19, 2008) (citing *Martin v. Comm'r of Soc. Sec.*, 170 Fed.Appx. 369, 374-75, 2006 WL 509293, *5 (6th Cir. Mar. 1, 2006)). Plaintiff's counsel did not make the less-rudementary miscalculation of failing to procure the document prior to the administrative hearing. Instead, if the dated document is accurate, counsel possessed the document prior to Plaintiff's hearing but failed to submit it as part of the official record until the filing of Plaintiff's Objection on April 4, 2014, approximately three years following its procurement. There is no good cause for the tardy submission.

While the Court need not reach the question of whether the new evidence is "material" to the ALJ's decision, the document at issue, as detailed above, would not be a materially sufficient basis for remand. As previously noted, the document is consistent with, if it does not fully support, the ALJ's finding as to Plaintiff's residual functional capacity. Moreover, the Vocational Expert ("VE") testifying at Plaintiff's hearing opined that, given Plaintiff's residual functional capacity, Plaintiff could work as a visual inspector, hand packer, or sorter. (Tr. 59). Consistent with Dr. Simecek's opinion of limitation in the June 16 document, the VE explicitly testified that she cited these jobs because of their "minimal" environmental risks. *Id*. Because Plaintiff cannot show good cause for the tardy submission and materiality of the newly-submitted evidence, a remand pursuant to the sixth sentence of § 405(g) is not warranted.

## IV. CONCLUSION

Accordingly, Plaintiff's Objection (#20) is OVERRULED. The Court hereby ACCEPTS AND ADOPTS Magistrate Judge R. Steven Whalen's March 31, 2014 Report and Recommendation (#19), GRANTS Defendant Commissioner's Motion for Summary Judgment (#18), DENIES Plaintiff Yvette Griffin's Motion for Summary Judgment (#13), and DISMISSES Plaintiff's Complaint with prejudice.

SO ORDERED.

Dated: June 24, 2014

/s/Gershwin A Drain
GERSHWIN A. DRAIN
U.S. DISTRICT JUDGE